IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ERIC C. BURGIE
ADC #120956                                                                                    PLAINTIFF

V.                           NO. 5:09CV00136 JMM/BD

DARRYL GOLDEN, *et al.*                                                                  DEFENDANTS

**RECOMMENDED DISPOSITION**

I.      **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge James M. Moody.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II. Background:

On May 12, 2009, Eric Burgie, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging the Defendants violated his first amendment rights by denying him access to the book titled *The Complete Book of Voodoo*. In addition, Mr. Burgie alleges that the Defendants' conduct violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

The Defendants have now filed a motion for summary judgment. They argue that Mr. Burgie's claims fail as a matter of law because he did not exhaust his administrative remedies against Defendants Golden, Freyder, Bealer, C. Gibson, Hobbs, May, Dobbs, Sensat, J. Gibson, and Sharp, as required by the Prison Litigation Reform Act ("PLRA"), and that he cannot establish a constitutional violation against Defendant Conrad. (Docket entry #151) In addition, the Defendants argue that they are all entitled to both sovereign and qualified immunity. The Defendants' argument that Mr. Burgie's claims against them in their official capacities are barred by sovereign immunity is misplaced. Mr. Burgie named the Defendants in their personal capacities only. (#1 at p.3)

Mr. Burgie has responded to the motion for summary judgment and has identified facts that he believes should be decided at a trial in this matter. (#177 and #178) The majority of the issues raised in Mr. Burgie's responses, however, are not a part of this lawsuit, including whether the Defendants violated the establishment clause, his due process rights, or his equal protection rights when they confiscated *The Complete Book of*

*Voodoo*. Mr. Burgie fails to create a material question of fact with regard to the issues raised in this lawsuit. Because Mr. Burgie has not stated a constitutional claim, the Court will not address the Defendants' qualified immunity argument.

### III. Discussion:

    A.    Summary Judgment Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party must go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) (internal citation omitted) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")

If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex*, 477 U.S. at 322.

B.   Exhaustion

The PLRA requires that prisoners exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). It does not matter whether the prisoner subjectively believed that there was no point in pursuing his administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 808–09 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied 531 U.S. 1156 (2001). If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Prisoners may be excused from completing administrative procedures, but only when correctional officials have prevented prisoners from using the procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, supra at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001).

Here, it is undisputed that Mr. Burgie fully exhausted six grievances regarding the confiscation of the book *The Complete Book of Voodoo* - VSM 08-2015, VSM 08-2117, VSM 08-2127, VSM 08-2339, VSM 08-2116, and VSM 08-2308. (#153-6) In grievances VSM 08-2015, VSM 08-2308, and VSM 08-2339, Mr. Burgie specifically

mentioned Defendant Sherry Conrad's alleged unconstitutional conduct. (#153-6) In VMS 08-2116, VSM 08-2117 and VSM 08-2127, Mr. Burgie generally complained about the chaplain's office and referred to an unknown chaplain, but he did not complain about Chaplain Freyder's role in allegedly confiscating or rejecting *The Complete Book of Voodo*. (#153-15 at p.4) Although Chaplain Freyder responded to Mr. Burgie's grievances, that conduct, standing alone, is not enough. See *Rowe v. Norris*, 198 Fed. Appx. 579, 580 (8th Cir. 2006) (unpublished per curiam).

In his response to the motion for summary judgment, Mr. Burgie argues that he also specifically mentioned Defendant Golden in Grievance #VSM 08-02015 and, therefore, fully exhausted his administrative grievances against Defendant Golden. Mr. Burgie did mention Mr. Golden in Grievance #VSM 08-2015, but he did not complain about any of the events giving rise to this lawsuit. Rather, he stated that Mr. Golden told him that the publication at issue would not be confiscated if it did not contain any contraband. (#153-7 at p.4) Accordingly, Mr. Burgie failed to exhaust his administrative remedies against Defendant Golden as to the issues raised in this lawsuit.

In addition, in his response, Mr. Burgie also states that he mentioned the Unit Publication Review Committee in his grievances. Mr. Burgie did reference this committee in Grievances #VSM 08-02015, #VSM 08-2339, and #VSM 08-02308. (#153-7 at p.1, ##153-11 at p.1, and #153-13 at p.1) Further, he mentioned the decision made by the Warden/Center Supervisor in Grievance #VSM 08-2339. (#153-11 at p.1)

Although he mentioned the Committee and the Warden, he did not complain about their ultimate decision to reject the publication at issue. Rather, he complained that he had not received a timely decision according to ADC policy and again complained about Defendant Conrad's conduct. Mr. Burgie stated that he had appealed the decision made by the Publication Review Committee, but he did not state that his first amendment rights were violated in any manner. Finally, in his response, Mr. Burgie admits that he failed to exhaust his administrative remedies against the Central Publication Review Committee. (#178 at p.36)

Mr. Burgie has failed to create a material question of fact on the issue of exhaustion as to Defendants Golden, Freyder, Bealer, C. Gibson, Hobbs, May, Dobbs, Sensat, J. Gibson, and Sharp. He has not exhausted administrative remedies as to these Defendants, and there is no evidence to suggest that any of these Defendants prevented him from pursuing administrative remedies. Therefore, Defendants Golden, Freyder, Bealer, C. Gibson, Hobbs, May, Dobbs, Sensat, J. Gibson, and Sharp are entitled to judgment as a matter of law.

    C.    Defendant Conrad

Mr. Burgie alleges that Defendant Conrad, the Varner Mailroom Supervisor, confiscated the publication titled *The Complete Book of Voodoo* and forwarded that publication to the Varner Unit Publication Review Committee in violation of his first amendment rights and RLUIPA. Although the Varner Unit Publication and the Central

Office Publication Review Committee ultimately decided that the publication posed a threat to the security and good order of the Unit, Defendant Conrad was not involved in those decisions. Because the Court has already determined that Mr. Burgie failed to exhaust his administrative remedies against the members of both Publication Review Committees, the Court need only determine whether Defendant Conrad's confiscation of the publication under AD 07-01 (governing an inmates' receipt of publications from religious outlets) and Varner Unit Communication Mail and Visiting Policy 16.5.0 (requiring the Varner Unit Mailroom Supervisor to inspect all publications received by inmates) violated Mr. Burgie's constitutional rights.

The First Amendment generally forbids laws that prohibit the free exercise of religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987). A prison regulation that restricts inmates' rights can survive First Amendment scrutiny if the regulation is "reasonably related to legitimate penological interests." *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 982 (8th Cir. 2004) (quoting *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)).

Courts evaluating First Amendment claims must first consider whether the challenged governmental action infringes upon a sincerely held religious belief. *Murphy*, 372 F.3d at 983. If the belief is sincerely held, the court must apply a reasonableness test "less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone*, 482 U.S. at 349.

While a rational-basis test applies to Mr. Burgie's constitutional claim, strict scrutiny applies to his claim under RLUIPA, 42 U.S.C. §§ 2000cc *et seq*. RLUIPA prohibits the government from imposing a substantial burden on the religious exercises of an inmate, even if the burden results from a rule of general applicability, unless the government demonstrates that the burden on the inmate is: (1) in furtherance of a compelling governmental interest; and (2) the least restrictive means of furthering that compelling interest. 42 U.S.C. § 2000cc-1 (2007). A government regulation is deemed a "substantial burden" when it significantly inhibits or constrains conduct or expression that manifests some central tenet of a person's individual religious beliefs, meaningfully curtails a person's ability to express adherence to a faith, or denies a person reasonable opportunities to engage in religious activities cardinal to a person's religion. *Murphy*, 372 F.3d at 988. Courts must "[a]ccord great deference to the judgment and expertise of prison officials, 'particularly with respect to decisions that implicate institutional security.'" *Id*. at 983 (quoting *Goff v. Graves*, 362 F.3d 543, 549 (8th Cir. 2004)). The court will evaluate Mr. Burgie's claims under the stricter RLUIPA standard.

Here, the Defendants do not challenge the sincerity of Mr. Burgie's religious beliefs. Rather, they assert that the ADC policies at issue, and Defendant Conrad's confiscation of *The Complete Book of Voodoo* under these policies, do not substantially burden his ability to practice his religion, and there is a compelling interest maintaining security and the safe operation of the prison.

>Administrative Directive 07-01 provides that:
>
>Inmates may receive publications from recognized commercial, religious or charitable outlets. All publications are subject to inspection and may be rejected if found to be detrimental to the security, discipline or good order of the institution or if they propose, condone or provide information likely to facilitate criminal activity.

(#153-18 at p.1)

>Varner Unit Communication Mail and Visiting Policy 16.5.0 provides that:
>
>The Mailroom Supervisor will visually inspect all publications, including those addressed to the Inmate Library. A publication may be rejected if the contents present: (A) a threat to the order of security of the unit.

(#153-20 at p.1)

Here, it is undisputed that Defendant Conrad confiscated the publication at issue and initially submitted it to the Varner Unit Publication Review Committee pursuant to the ADC policies at issue. Mr. Burgie has failed to offer any evidence, however, that this conduct substantially burdened his ability to practice his religion. Defendant Conrad's conduct caused, if anything, only a slight delay in Mr. Burgie's receipt of the publication. Because Defendant Conrad was not involved in the ultimate decision to reject *The Complete Book of Voodoo*, Mr. Burgie can hardly claim that Defendant Conrad's conduct, as prescribed in both AD 07-01 and VU 16.50, <u>substantially</u> burdened his ability to practice his religion. Mr. Burgie has failed to present any evidence that Defendant Conrad denied him the ability to participate in any other religious activities or that she

9

prevented him from expressing a central tenant of his faith by fulfilling her duties under the ADC policies in question.

The evidence shows that Defendant Conrad confiscated the publication because of its contents. Mr. Burgie argues that Defendant Conrad has allowed other similar publications to be received by inmates, but that is not at issue in this lawsuit. Here, Defendant Conrad testified that she observed a voodoo doll on the cover of the publication with pins sticking in it. (#153-21 at p.1) In addition, she saw that the book contained instructions for making weapons and placing hexes on people. (#153-21 at p.1) Based on those observations, she immediately forwarded the book to the Varner Unit Publication Review Committee for consideration.

Courts must give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security, and discipline" when reviewing a regulation under RLUIPA's compelling-interest standard. *Fegans*, 537 F.3d at 901. "Prison safety and security are compelling government interests." *Singson v. Norris*, 553 F.3d 660, 662 (8th Cir. 2009). "RLUIPA does not elevate accommodation of religious observances over an institution's need to maintain order and security." *Id*. (internal quotations omitted). "A prison is free to deny inmates religious requests predicated on RLUIPA if they jeopardize the effective functioning of an institution." *Id*. at 663 (internal quotations omitted).

Accordingly, it was neither unreasonable nor unconstitutional for Defendant Conrad to confiscate the publication and forward it to the Publication Committee.  Based on the deference that is afforded prison officials, it was appropriate for prison policy to let Defendant Conrad make this decision under both ADC policies because there was a compelling government interest in maintaining a safe and secure unit.

Finally, based on Mr. Burgie's response, the heart of his complaint is that he believes that Defendant Conrad is biased.  Mr. Burgie specifically states that "the defendants' sole reason for putting the publication up for review in this case was simply because it was about the religion and art of voodoo and because they disagree[] with its practices."  (#178 at p.25)  Mr. Burgie offers no evidence to support such a statement, and his conclusory opinion is insufficient to create a material question of fact as to the issues raised in this lawsuit.  For these reasons, Defendant Conrad is entitled to judgment as a matter of law.

IV. **Conclusion:**

The Court recommends that the motion for summary judgment (#151) be GRANTED and that Mr. Burgie's claims against Defendants Golden, Freyder, Bealer, C. Gibson, Hobbs, May, Dobbs, Sensat, J. Gibson, and Sharp be DISMISSED without prejudice.  Mr. Burgie's claims against Defendant Conrad should be DISMISSED with prejudice.

DATED this 14th day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE